TARA CALABRESE
21 RABBIT RUN
BERLIN, MARYLAND 21811
484-401-1019
stara2880@gmail.com
PLAINTIFF, Pro se



TARA CALABRESE,

　　　　　　　Plaintiff,

v.

ROBERT CALABRESE; MARLA S.
LAYNAS, ESQ.; NADINE COLGAN;
ANDREA SERBER; HON.
KATHERINE PLATT; HON. ANNA
MARIE WHEATCRAFT; JOHN AND
JANE DOES 1-100,

　　　　　　　Defendant(s).

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
OF PENNSYLVANIA**

CASE NO.　**17　4231**

**COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1.　In this action, Plaintiff TARA CALABRESE seeks damages from Defendants

ROBERT CALABRESE; MARTA S. LAYNAS, ESQ.; NADINE COLGAN; ANDREA

SERBER; HON. KATHERINE PLATT; HON. ANNA MARIE WHEATCRAFT; JOHN AND

JANE DOES 1-100.

2.　Defendants have acted in a callous and malicious manner with the intent to prevent

the Plaintiff from parenting the two minor children without harassment or interference.

3.　The rights of both the parent and the children are being violated. The Court has

violated the very essence of the intent of the land's highest Court by not allowing me to enjoy the

sanctity of my parental rights. The Defendant, ROBERT CALABRESE, is conspiring to do this

and his counsel MARTA S. LAYNAS, ESQ.; court appointed licensed therpists NADINE COLGAN and ANDREA SERBER, are perpetuating it, while the Court, the HON. KATHERINE PLATT and HON. ANNA MARIE WHEATCRAFT, has ignored the laws and stood in the way of my ability and privilege to parent my children without harassment and interference.

4.    The United States Constitution, and rulings from the highest Court in the land, have lawful devices to protect families from such horrors.

5.    Defendants' actions have caused the Plaintiff to suffer both physically and emotionally. Plaintiff alleges a violation of her constitutional rights, misrepresentation, intentional infliction of emotional distress, and negligent infliction of emotional distress.

6.    The Plaintiff has suffered severe emotional distress as a result of the physical harm brought on by the Defendants' recklessness and is entitled to damages. The Defendant ROBERT CALABRESE has acted intentionally and recklessly; in an extreme and outrageous manner; and his conduct is the cause of severe emotional distress. Similarly, the emotional distress that has been suffered by the Plaintiff is palpable, severe, and enduring as a result of Defendant's reckless and malicious behaviors - that have robbed me of valuable and precious time with my children, and which will adversely affect my emotional and physical well-being for the rest of my life.

7.    The Defendant, MARTA S. LAYNAS, ESQ., has breached the attorney ethics standards and Rules of Professional Conduct by encouraging the Defendant ROBERT CALABRESE to make false statements, file frivolous pleadings, and send harassing and annoying communications to me, and my children, thereby contributing to the violation of my 14th Amendment rights.

8.    The Defendants, court-appointed, government agency therapists, NADINE COLGAN and ANDREA SERBER, misrepresented facts, were complicit with the Defendant ROBERT CALABRESE interfering with my ability to parent my children without harassment and interference, thereby they have violated my 14th Amendment rights.

9.     The Defendants, the HON. KATHERINE PLATT and HON. ANNA MARIE WHEATCRAFT, have ignored all the laws, have refused to permit me to parent my children without harassment and interference, without cause, and have thereby violated my 14th Amendment rights.

## PARTIES

10.    Plaintiff TARA CALABRESE is a resident of the Town of Berlin, County of Worcester, and the State of Maryland.

11.    Upon information and belief, Defendant ROBERT CALABRESE is a resident of the Township of Haverford, the County of Delaware, and the State of Pennsylvania.

12.    Upon information and belief, Defendant MARTA S. LAYNAS, ESQ. is an attorney with a principal business office located in the Borough of West Chester, County of Chester, and the State of Pennsylvania.

13.    Upon information and belief, Defendants, NADINE COLGAN is a licensed therapist practicing in County of Chestery, and ANDREA SERBER is a licensed therapist practicing in the County of Delaware, in the State of Pennsylvania.

14.    Upon information and belief, Defendants HON. HON. KATHERINE PLATT and HON. ANNA MARIE WHEATCRAFT are judges sitting, or have sat, in the Courts of the State of Pennsylvania.

## JURISDICTION AND VENUE

15.    This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331, 1332, 1367.

16.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events that give rise to this action occurred within this District and Parties reside and operate within this district.

## FACTUAL ALLEGATIONS

17.    Plaintiff TARA CALABRESE and Defendant ROBERT CALABRESE were married on February 10, 2001 and there were two children born of the marriage Robbie (born May 18, 2001) and Kyla (born December 16, 2003). The Parties divorced in August of 2016, however, a parenting plan was memorialized in 2011 with me as the custodial parent and the Defendant ROBERT CALABRESE getting three weekends per month. After approximately two months the Defendant ROBERT CALABRESE had his visitation reduced to every other weekend.

18.    The Defendant ROBERT CALABRESE physically assaulted me, was removed from the marital residence by law enforcement, was arrested and prosecuted. However, in the spirit of good faith and negotiation, and to not inhibit his ability to earn a living, I was convinced to drop the criminal charges in lieu of an agreement that included civil restraints.

19.    Sometime in early 2015, I reached out to the Defendant ROBERT CALABRESE and stated that I would like to move out of the area due to my dire financial situation. He agreed to allow the move. However, he changed his mind a few weeks later. And after not exercising his visitation in well over a year, he suddenly demanded visitation with the children.

20.    On or about April 14, 2015, the Defendant ROBERT CALABRESE filed a motion for contempt against me after the children refused to get out of the car during a drop-off for a visitation. As the Defendant had not exercised his visitation in over a year, the children were reluctant to be left with him. The children indicated that they had such fear of being with him, that they had never complained about not seeing him.

21.    On or about May 19, 2015, the Court granted his relief to visitation, and, I was sanctioned with a fine. That same day I filed for an emergent motion for a change in custody. Clay Cauley, Sr., Esq., Master spoke with both children and granted me sole custody that day. Master

Cauley also ordered that the children were to work with Defendant NADINE COLGAN toward reunification.

22.     Although both children were ordered to work with her, Defendant NADINE COLGAN dismissed my son Robbie from being involved because he was so visibly upset and against it.

23.     My daughter Kyla had three visits with Defendant NADINE COLGAN and her father. On the third visit Defendant NADINE COLGAN left the Defendant ROBERT CALABRESE and Kyla alone while she came out to the car to speak with me. I asked why they were left alone together and I expressed my concerns. Defendant NADINE COLGAN ignored by concerns and said that they would be okay. On the way to the next visit Kyla exhibited severe anxiety and she refused to get out of the car when we arrived for the session. Kyla said that she didn't want to see Defendant ROBERT CALABRESE anymore. Kyla said that when Defendant NADINE COLGAN left her alone with Defendant ROBERT CALABRESE, Defendant CALABRESE started yelling at her and demanded she reveal her brother's cell phone number to him.

24.     Kyla had one last visit with Defendant NADINE COLGAN alone and Defendant NADINE COLGAN subsequently wrote a letter to Master Cauley to end reunification with both children.

25.     On or about April 1, 2016, I petitioned the Court for permission to relocate with the children. Defendant ROBERT CALABRESE countered with yet another petition to modify custody.

26.     On June 16, 2016, Richard Lombardi, Esq., Master ruled that custody would remain unchanged and that I would continue to have sole residential custody.

27.     On July 26, 2016, a hearing was held to rule on the relocation. It was converted to a trial and for September beginning September 2, 2016.

33.    I agreed to Defendant ROBERT CALABRESE stipulations and everything was done as he requested.

34    We had the consent of Defendant ROBERT CALABRESE as noted in numerous emails sent by Defendant CALABRESE, one of which exclaimed, "you can move to Maryland" and "my word is my bond" He sent emails to children and me multiple times that said "go to Maryland as soon as you want."

35.    On or about June 12, 2017, we moved to Maryland and the children were registered in the local school district.

36.    On or about June 28, 2017, the camp director called to ask me some surprising and disturbing questions regarding Kyla:

    1. Do you think Kyla can make it 20 days without drugs or alcohol?

    2. How long have her grades been dropped in school?

    3. When is the last time she has run away?

    4. How long has she had low motivation at home?

I was quite taken aback and told the camp leader that my daughter is a straight "A" student; she doesn't do drugs nor drink - she's 13 years old; and she is ALWAYS positive and happy; she doesn't run away. The camp director said "I'm lost for words. This camp is not for your daughter. She then wrote and email to both Defendant ROBERT CALABRESE and me explaining that Kyla does not fit the criteria of the camp.

37.    Following that email, on June 28, 2017, Defendant ROBERT CALABRESE demanded "move back NOW."

38.    The Defendant ROBERT CALABRESE was using the camp as a way to defy the custody order. At the end of the 20 day camp, there are three days where the parents are to camp with the kids. Defendant ROBERT CALABRESE intended to send Kyla to a camp for troubled teens with drug and alcohol issues so that he could sneak in visitation.

39.    Defendant ROBERT CALABRESE willfully agreed to the move and then willfully and purposefully brought a fraud upon the Court by filing an emergent motion on August 23, 2017 for a return to Pennsylvania.

40.    A hearing was held on September 1, 2017 whereby Defendant HON. ANNA MARIE WHEATCRAFT ordered the current visitation schedule which requires that the children be returned to Pennsylvania every weekend to visit with the Defendant ROBERT CALABRESE.

41.    The Defendant ROBERT CALABRESE has intentionally interfered with my ability to parent with my children. He has been physically, verbally, and, most importantly, emotional abusive to the children and me. He has made fraudulent statements to the Court for no other purpose than to manipulate and control me, interfere with my parenting and healthy upbringing of the children, and to make our lives miserable.

42.    The Defendant MARTA S. LAYNAS, ESQ. has breached the attorney ethics standards and Rules of Professional Conduct by encouraging the Defendant ROBERT CALABRESE to make false statements, file frivolous pleadings, and to continue his abusive behaviors toward the children and me, and interfere with my parenting and healthy upbringing of my children.

43.    The Defendants NADINE COLGAN and ANDREA SERBER are licensed therapists who misrepresented facts, were complicit with the Defendant ROBERT CALABRESE and simply regurgitated information spewed from him, empowering him to interfere with parenting and healthy upbringing of my children.

44.     The Defendants HON. HON. KATHERINE PLATT and HON. ANNA MARIE WHEATCRAFT have punctuated the behavior of the Defendant ROBERT CALABRESE by refusing to abide by the laws of the highest court in the land, and allowing him to manipulate the Court and continue his abusive tactics and interfere with the parenting and healthy upbringing of my children.

28. On September 13, 2016, after three and a half days of testimony, Defendant HON. KATHERINE PLATT abruptly halted the proceedings, stating that she was tired and wasn't going to listen anymore. She gave us the choice to either cross examine Defendant ROBERT CALABRESE or have her speak to the children for 15 minutes. We decided to have her speak with the children.

29. After speaking with the children, Defendant HON. KATHERINE PLATT told Defendant ROBERT CALABRESE on the record to leave his son alone if he ever wanted the hope of seeing him in his future. She also ordered my daughter Kyla to go through reunification yet again with a different counselor Defendant ANDREA SERBER. Kyla was so upset that she had to do this all over again. Kyla saw Defendant ANDREA SERBER approximately seven times with little progress.

30. On or about March 27, 2017 we appeared before Defendant HON. KATHERINE PLATT during which Defendant PLATT ordered or, rather, threatened me to convince Kyla to have "a change of heart or else" regarding reunification sessions with Defendant ANDREA SERBER and Defendant ROBERT CALABRESE.

31. On or about April 11, 2017, Kyla reluctantly attended one last session and told Defendant ROBERT CALABRESE respectfully that she was afraid to be with him and wanted to wait until she was older to try again. He reacting by yelling at her and berating her and me in front of Defendant ANDREA SERBER.

32. After a couple of months of calm, I contacted Defendant ROBERT CALABRESE and renewed the request to relocate. He agreed to the relocation with three stipulations: 1) The children were to have a lunch with his mother; 2) There was to be a family meeting in Defendant ANDREA SERBER's office to say "You can go to Maryland and have fun."; and 3) The children must attend Outward Bound summer camp.

45. The Defendants' behaviors and actions were so outrageous in character and so extreme in degree that it goes beyond all possible bounds of decency and is atrocious and utterly intolerable in a civilized and lawful community. The Defendants' actions are a direct cause of the Plaintiff's emotional distress, a distress so severe that no person could possibly be expected to endure such distress.

**COUNT ONE**
**VIOLATION OF 14TH AMENDMENT**

46. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

47. The United States Supreme Court has weighed in a number of times on the parent-child relationship. In Moore v. East Cleveland, 431 U.S. 494 (1977) the Supreme Court held that "When the government intrudes on the choices concerning family living arrangements, the Court must examine carefully the importance of the government interests advanced." In Lassiter v. Department of Social Services, 452 U.S. 18 (1981) the Court held that "...a parent's desire for and right to "the companionship, care, custody, and management of his or her children" is an important interest that "undeniably warrants deference and, absent a powerful countervailing interest, protection." And in Troxel v. Granville, 530 U.S. 57 (2000) the Court emphasized in its opinion that it is has long recognized that a parent's interests in the nurture, upbringing, companionship, care, and custody of children are generally protected by the Due Process Clause of the Fourteenth Amendment.

48. The rights of both the parent and the children are being violated. The Court has violated the very essence of the intent of the land's highest Court by not allowing me to enjoy the sanctity of my parental rights. The Defendant ROBERT CALABRESE is conspiring to do this to me while counsel that has represented him, MARTA S. LAYNAS, ESQ., has perpetuated and, further, while the Court, the HON. HON. KATHERINE PLATT and HON. ANNA MARIE WHEATCRAFT, have ignored the laws and stood in the way of my ability to parent my children

without interference and maintain a healthy upbringing. The United States Constitution, and rulings from the highest Court in the land, have lawful, protective devices to protect families from such horrors.

49.   As a direct and proximate result of these malicious and conscious wrongful actions, the Plaintiff has suffered, and will continue to suffer indefinitely, severe emotional distress, bodily injury, and damages, and is entitled to damages from the Defendants, including punitive damages, to be determined at trial.

## COUNT TWO
## MISREPRESENTATION

50.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

51.   The Defendant ROBERT CALABRESE has provided false information to the Court and court-appointed therapists for no other reason than to commit a fraud and interfere with my parenting of my children and ensuring a healthy upbringing.

52.   The Defendants, court appointed therapists Defendants NADINE COLGAN and ANDREA SERBER misrepresented facts, were complicit with the Defendant, ROBERT CALABRESE, and simply regurgitated information spewed from him, empowering him to interfere with the parenting of my children and ensuring their healthy upbringing.

53.   As a direct and proximate result of these malicious and conscious wrongful actions, the Plaintiff has suffered, and will continue to suffer indefinitely, severe emotional distress, bodily injury, and damages, and is entitled to damages from the Defendants, including punitive damages, to be determined at trial.

## COUNT THREE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

55.    Defendants willfully, intentionally, and recklessly inflicted physical and emotional injury on the Plaintiff by subjecting the Plaintiff to outrageous treatment beyond all bounds of decency, taking away the Plaintiff's parental rights, depriving the Plaintiff of the ability to effectively parent the children and ensure their healthy upbringing, which will affect her physically and emotionally for the rest of her life.

56.    The Defendants have acted intentionally and recklessly; in an extreme and outrageous manner; and their conduct is the cause of severe emotional distress. Their conduct is "so outrageous in character, and so extreme in degree, that it goes beyond all possible bounds of decency, and is so atrocious, and utterly intolerable in a civilized community." Restatement (Second) of Torts section 46 cmt. d (1965). The Defendants' conduct is more than just malicious and intentional; it goes beyond mere insults, indignities, threats, annoyances, or petty oppressions.

57.    Defendants' actions have caused, and will continue to cause, the Plaintiff to be deprived of any normal physical and emotional relationship with her children.

58.    As a direct and proximate result of these malicious and conscious wrongful actions, the Plaintiff has suffered, and will continue to suffer indefinitely, severe emotional distress, bodily injury, and damages, and is entitled to damages from the Defendants, including punitive damages, to be determined at trial.

## COUNT FOUR
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

59.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

60.    The interference of the Plaintiff's parental rights, and the ongoing harassing behaviors, over a long period of time, has caused and will continue to cause severe emotion and physical harm.

61.    Defendants' actions have caused, and will continue to cause, the loss of the Plaintiff's parental rights, and deprivation of a healthy relationship with the children, over a long period of time.

62.    The Defendants HON. HON. KATHERINE PLATT and HON. ANNA MARIE WHEATCRAFT owed the Plaintiff a duty of care by ensuring her parental rights were preserved, in accordance with the 14th Amendment.

63.    The Defendants HON. HON. KATHERINE PLATT and HON. ANNA MARIE WHEATCRAFT breached her duty of care by negligently and/or recklessly allowing the Defendant ROBERT CALABRESE to continue to harass the Plaintiff and interfere with her parenting and healthy upbringing of the children which will adversely affect her emotional and physical well-being, for the rest of her life.

64.    The Defendants' breach of duty directly and proximately caused the Plaintiff to suffer damage, severe trauma, humiliation, social isolation, depression, severe physical and emotional distress as well as prolonged illness, painful and permanent physical and emotional scarring.

65.    As a direct and proximate result of these malicious and conscious wrongful actions, the Plaintiff has suffered, and will continue to suffer indefinitely, severe emotional distress, bodily injury, and damages, and is entitled to damages from the Defendants, including punitive damages, to be determined at trial.

## DECLARATION

Plaintiff declares that she is not an expert in the law but that she does know right from wrong and intends no one harm by her word or deed. Therefore, if any human being is damaged by any statement(s) herein and informs Plaintiff of the facts, she will sincerely make every effort to amend her allegations. Plaintiff hereby reserves the right to amend and make amendment to this document as necessary in order that the truth may be ascertained and proceedings justly concluded.

If a party given notice by means of this document has information that would controvert and overcome this affidavit, he/she is respectfully requested to advise Plaintiff IN WRITTEN AFFIDAVIT FORM, sworn/affirmed true, correct, complete, and not misleading upon the Affiant's full commercial liability, within thirty (30) days from the receipt hereof, if Affiant can prove with particularity, by stating all requisite, evidentiary facts and all requisite, actual law – not mere ultimate facts and conclusions of law – that Plaintiff's declarations herein are substantially and materially false, sufficiently to alter materially their status and factual statements. Silence stands as consent to, and tacit approval of, the factual declarations herein being established as matters of law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays this court to enter judgments against Defendants, as follows:

A. For Declaratory Judgment;

B. For Statutory Damages in an amount to be proven at trial;

C. For Punitive Damages in an amount to be proven at trial;

D. For Compensatory Damages in an amount to be proven at trial; and

E. For such other further relief as the court may deem just and proper.

Dated: September 14, 2017                    _____
                                             TARA CALABRESE, PLAINTIFF